**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 24-60191 MER |
| Lifeback Law Firm, P.A., | Chapter 11 Case |
| Debtor | |

**DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

TO: ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1. Lifeback Law Firm, P.A. (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion on **Friday, May 3, 2024, at 10:00 a.m.** The hearing will take place at the US Courthouse, Courtroom 7 West, 300 South Fourth Street, Minneapolis, Minnesota 55415. The Court will hold a **final hearing** on this Motion on **Tuesday, May 21, 2024, at 10:30 a.m.** The hearing will take place at 204 Edward J. Devitt United States Courthouse and Federal Building, 118 South Mill Street, Fergus Falls, MN 56537.

3. The Debtor hereby gives notice that it will not object to the timeliness of any response to the request for expedited relief that is filed and delivered **two hours** prior to the interim hearing. Any response to the request for **final order** authorizing the use of cash collateral must be delivered or mailed **not later than Tuesday, May 13, 2024**, which is seven days before the time set for hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334,

Fed. R. Bankr P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 11 case was filed on April 28, 2024 (the "Petition Date"). The case is now pending in this court.

5. This motion arises under 11 USC § 363, 1107 and 1108 and Fed. R. Bankr. P. 4001. This motion is filed under Fed. R. Bankr. P. 9006 and 9014 and Local Rules 9006-1 and 9013-1 through 9013-3. Movant seeks authority, on an interim and final basis, for the use of cash collateral.

6. The Debtor remains a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code.

7. Pursuant to section 363 of the Bankruptcy Code, the Debtor seeks authority to use cash collateral.

8. The Debtor is a law firm who's practice has been serving Minnesota and is dedicated to meeting the Chapter 7 and Chapter 13 bankruptcy needs of its local communities. By focusing on personal attention, high quality and knowledgeable representation built on decades of experience, Debtor has successfully helped thousands of clients find prompt, effective resolutions to their debt problems.

**SECURED DEBT**

10. On information and belief, there exists the following secured lienholders having an interest in cash collateral:

a. Three Line Capital Partners, LLC – UCC Financing Statement filed on 1/20/2021, Filing Number: 1211830300026, with the Minnesota Secretary of State securing a lien on all assets of the Debtor. The loan was originally held by Bremer Bank and was later sold to Three Line Capital Partners, LLC, the current secured creditor.

b. Wesley Scott – UCC Financing Statement filed on 1/11/2022, Filing Number: 1288059400025, with the Minnesota Secretary of State securing a lien on all assets of the Debtor, including cash and receivables.

**FACTS REGARDING COLLATERAL VALUES AND CASH NEEDS**

11. The Debtor values its assets as of (a) the Petition Date; (b) the date of the final hearing, May 21, 2024; and (c) the date of the proposed ending use of cash collateral (September 30, 2024), all as set forth in Exhibit A attached to the Declaration of Wesley Scott (the "Declaration"). For purposes of Exhibit A, assets of the Debtor were valued at their estimated value in an orderly liquidation.

13. The Debtor's cash needs for the period from April 28, 2024 through May 21, 2024 are set forth on Exhibit B attached to the Declaration. The expenses set forth in Exhibit B are limited to those that are required to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion. Without payment to those critical vendors and employees noted on Exhibit B, the Debtor will not be able to generate the revenue listed on the projections.

14. Debtor's cash needs for the period from May 21, 2024 through September 30, 2024 are as set forth on Exhibit C attached to the Declaration.

15. The Debtor needs to use cash collateral to meet its operating expenses.

**OFFER OF ADEQUATE PROTECTION**

16. As and for adequate protection of the secured creditors' interest in the cash collateral:

    a. The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and in such use will not vary materially from that provided for in Exhibits B and C attached to Debtor's Declaration, except for variations attributable to

      expenditures specifically authorized by Court order.

   b. The Debtor will grant the secured creditors replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, cash, accounts, equipment, and general intangibles, with such liens being of the same priority, dignity, and effect as their respective pre-petition liens.

   c. The Debtor will carry insurance on its assets.

   d. The Debtor will provide the secured creditors such reports and documents as they may reasonably request.

   e. The Debtor will afford the secured creditors the right to inspect Debtor's books and records and the right to inspect and appraise the collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

   f. The Debtor will pay Three Line Capital Partners, LLC, as an adequate protection payment, $3000 per month starting on May 30, 2024, and each month thereafter until confirmation.

## NEED FOR EXPEDITED RELIEF

17. Even a relatively short delay in payment of critical expenses may very well result in impairment of employee and vendor relations, and the Debtor therefore submits that expedited relief pursuant to Fed. R. Bankr. P. 4001 and 9006 is warranted.

18. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Wesley Scott the Debtor's President to testify regarding the facts relevant to this Motion. Mr. Scott's business address is 13 7th Ave. S., St. Cloud, Minnesota 56301.

WHEREFORE, the Debtor prays for an order of the court as follows:

   a. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on an interim basis;

   b. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on a final basis; and

   c. Granting such other relief as may be just and equitable.

Dated: April 30, 2024 /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 24-60191 MER |
| Lifeback Law Firm, P.A., | Chapter 11 Case |
| Debtor. | |

---

**SEPARATE VERIFICATION OF CASH COLLATERAL AND**
**EXHIBITS PURSUANT TO LOCAL RULE 4001-2(a)**

---

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that he is the President of the Debtor, that he has firsthand knowledge of the facts stated in <u>Exhibits A, B, and C</u> attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Dated: April 30, 2024                                 <u>/s/ Wesley Scott</u>
                                                     Wesley Scott, President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Lifeback Law Firm, P.A.,

Debtor.

Case No. 24-60191 MER

Chapter 11 Case

---

**DECLARATION OF WESLEY SCOTT IN SUPPORT OF DEBTOR'S**
**MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING**
**USE OF CASH COLLATERAL**

---

1. I am the President of the Debtor in the above-referenced bankruptcy case. I make this Declaration in Support of the Debtor's Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

2. I am familiar with the Debtor's assets, debts, and operations.

3. As of April 28, 2024 ("Filing Date") the Debtor was indebted to the following secured creditors:

    (a) Wesley Scott in the approximate amount of $293,375.15 in debt secured by, among other things, an interest in cash collateral.

    (b) Three Line Capital Partners, LLC in the approximate amount of $888,131.00 in debt secured by, among other things, an interest in cash collateral.

4. The Debtor values its assets as of: (a) the Filing Date; (b) the date of the beginning of the period of time for which Debtor seeks final authorization to use cash collateral; and (c) the date of the end of the period of time for which the Debtor currently seeks authorization to use cash collateral, all as set forth in Exhibit A attached hereto.

5.	The Debtor needs the use of cash collateral to pay operating expenses.

6.	For the period from April 28, 2024 through May 21, 2024, the Debtor requires cash for the items and in the amounts specified on the attached Exhibit B. The Expenditures provided for in Exhibit B are limited to those that are necessary to avoid immediate and irreparable harm to the bankruptcy estate.

7.	For the period from May 21, 2024 through September 30, 2024, the Debtor requires cash for the items and in the amounts specified on the attached Exhibit C.

8.	The Debtor proposes to adequately protect Wesley Scott in the manner and on the terms described in the Motion. The Debtor proposes to adequately protect Three Line Capital Partners, LLC, in the manner and on the terms described in the Motion, plus a $3000.00 monthly adequate protection payment starting on May 30, 2024, and the last business day of each month thereafter until confirmation.

9.	I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.


Dated: April 30, 2024                                    /s/ Wesley Scott
                                                         Wesley Scott, President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 24-60191 MER |
| Lifeback Law Firm, P.A., | Chapter 11 Case |
| Debtor. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL**

---

Lifebank Law Firm, P.A. ("Debtor") submits this Memorandum of Law in support of its Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

### I. STATEMENT OF FACTS

Debtor relies on the facts set forth in the Motion and incorporates the same herein by this reference.

### II. STATEMENT OF LAW AND DISCUSSION

#### A. Expedited Relief

Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure provides as follows:

The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

RULE 4001-2(b) of the Local Rules of Bankruptcy Procedure provides:

(b) PRELIMINARY HEARING. If the hearing on a motion for use of cash collateral is a preliminary hearing pursuant to Federal Rule of Bankruptcy Procedure 4001(b)(2), the Debtor's separate verified statement shall contain an itemization of the proposed uses of cash collateral that are required to avoid

immediate and irreparable harm to the estate pending a final hearing on the motion.

The Debtor has made all the showings necessary to support its request for expedited relief. The proposed interim budget provides only for the payment of those expenses as are necessary to avoid immediate and irreparable harm.

### B. Cash Collateral

Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may use cash collateral only with the secured creditor's consent or if the court, after notice and a hearing, so orders. Section 363(e) of the Bankruptcy Code provides that the court must provide the secured creditor with adequate protection of its interest upon request of the creditor. With respect to adequate protection:

In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's requests for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects values as nearly as possible against risks to that value consistent with the concept of indubitable equivalence. *In re Martin,* 761 F. 2d 472, 476-77 (8th Cir. 1985).

Based on the facts alleged in the Motion and Debtor's Declaration, the secured creditors' interest in the cash collateral is that Debtor will use all of the collateral and generate sufficient post-petition collateral to replace the used collateral. Debtor has set forth how the value of the assets will change, between the Filing Date and the dates through which the Debtor seeks use of cash collateral. Debtor has further set forth in Debtor's Declaration, Debtor's cash flow projections detailing Debtor's projections of its operations on an actual cash basis. Pursuant to Debtor's projections, the secured creditors' collateral position does not adversely change during the period of the proposed use of cash collateral, and, in fact, improves.

Based on the facts and circumstances of this case, under the offer set forth in the Motion, the secured creditors are adequately protected against any risk that the value of the collateral will erode during the pendency of this case.

### III.  CONCLUSION

For the foregoing reasons, the Debtor requests that the Court authorize the use of cash collateral as provided in this Motion.

Dated: April 30, 2024                    /e/  John D. Lamey III
                                                     John D. Lamey III, Esq. (#312009)
                                                   **LAMEY LAW FIRM, P.A.**
                                                   980 Inwood Avenue North
                                                   Oakdale, MN 55128
                                                   Telephone: 651-209-3550 / 651-789-2179 (f)

                                                   *Proposed Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 24-60191 MER |
| Lifeback Law Firm, P.A., | Chapter 11 Case |
| Debtor. | |

---

**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**

---

This matter came before the Court on the Debtor's expedited motion for an order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1. The Debtor's request for expedited relief is granted.

2. The Debtor is authorized, subject to the terms herein, to use cash collateral in which Wesley Scott and Three Line Capital Partners, LLC ("Secured Creditors") has an interest through May 21, 2024.

3. The Debtor's use of cash collateral is subject to the following terms:

(a)   The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit B</u> attached to this motion, except for variations attributable to expenditures specifically authorized by Court Order.

(b)   The Debtor will grant the Secured Creditors replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens.  However, such replacement liens shall exclude all causes of action under Chapter 5 of Title 11 of the United States Code.

(c)   The Debtor will carry insurance on its assets.

    (d)    The Debtor will provide the Secured Creditor with such reports and documents as they may reasonably request.

    (e)    The Debtor will afford the Secured Creditor the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

    4.    The Court will hold a **final hearing** on this Motion on **Tuesday, May 21, 2024, at 10:30 a.m.** The hearing will take place at 204 Edward J. Devitt United States Courthouse and Federal Building, 118 South Mill Street, Fergus Falls, MN 56537.

Dated: _____
Michael E. Ridgway
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                   Case No. 24-60191 MER

Lifeback Law Firm, P.A.,                                                     Chapter 11 Case

Debtor.

**ORDER AUTHORIZING FINAL USE OF CASH COLLATERAL**

This matter came before the Court on the Debtor's motion for a final order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1. The Debtor is authorized, subject to the terms herein, to use cash collateral in which Wesley Scott and Three Line Capital Partners, LLC ("Secured Creditors") has an interest through September 30, 2024.

2. The Debtor's use of cash collateral is subject to the following terms:

(a) The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit C</u> attached to the Debtor's President's declaration, except for variations attributable to expenditures specifically authorized by Court Order.

(b) The Debtor will grant Secured Creditors replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens. However, such replacement liens shall exclude all causes of action under Chapter 5 of Title 11 of the United States Code.

(c) The Debtor will carry insurance on its assets.

(d) The Debtor will provide the Secured Creditors with such reports and documents as they may reasonably request.

(e) The Debtor will afford the Secured Creditors the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f) The Debtor proposes to adequately protect Three Line Capital Partners, LLC, in the manner and on the terms described in the Motion, plus a $3000.00 monthly adequate protection payment starting on May 30, 2024, and the last business day of each month thereafter until confirmation.

Dated: _____

Michael E. Ridgway
United States Bankruptcy Judge