**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | BKY Case No.: 24-60191 |
| | Chapter 11 |
| LifeBack Law Firm, P.A., | |
| Debtor. | |

---

**OBJECTION TO USE OF CASH COLLATERAL**

---

**INTRODUCTION**

William Kain and Margaret Henehan (collectively, "**Objecting Parties**") oppose the motion for us of cash collateral [Doc. 6] filed by Debtor Lifeback Law Firm, P.A. ("**Debtor**") for the reasons detailed herein. The Objecting Parties are equity holders in the Debtor[1] and are also creditors in this case.

Wesley Scott ("**Scott**"), as principal of the Debtor, claims to be a secured creditor in this case. No details of Scott's loan are provided in Debtor's motion other than the amount of the loan and that it originated in November of 2022. Clearly, Scott is an insider of the Debtor per 11 U.S.C. § 101(31).

**OBJECTION**

Without additional detail about Scott's loan to the Debtor, it's legitimacy cannot be determined. For instance, did the loan secure a preexisting debt? If so, the grant of the security interest to Scott could be avoidable. Was the loan properly authorized? The Objecting Parties had no knowledge of the claimed loan, or the grant of a security interest, until much after the fact.

The Objecting Parties object to adequate protection being paid to Scott until such time as the details as to the origination of Scott's loan and claimed security interest are reviewed by the

---

[1] Scott owns 60%, Henehan owns 10% and Kain owns 30%. In November of 2022, Scott owned a 50% interest.

9258232v1

Objecting Parties and the Court. Further, the Debtor has not demonstrated that Scott's loan is entitled to adequate protection. Among the omissions are the details of Scott's loan and the assets subject to Scott's security interest. Further, the Debtor projects an increase in its assets, particularly its accounts receivable, over the next five months. Doc. 6-1. This should protect Scott's claim.

Debtor is projecting marginal profitability without adequate protection payments being made to Scott. Doc. 6-3. (While the Debtor's projections include adequate protection payments to 3LM Capital, they do not include payments to Scott.) Through September of this year, the Debtor is projecting profitability of a little over $1,000.00 per month. Adequate protection payments to Scott would make the Debtor unprofitable based upon its own projections.[2]

## CONCLUSION

The claim of Wesley Scott is highly suspect in the eyes of the Objecting Parties and adequate protection should not be allowed to Scott until such time as the Court and the parties have the ability to assess the validity of that claim and whether adequate protection is required to protect Scott's interests. The record before the Court is inadequate to make these determinations and the Objecting Parties suggest that the issues related to Scott be reserved for the final hearing set for May 21, 2024. In the interim, the Debtor or Scott could provide the corporate authority for Scott's loan, when the advances to the Debtor were made, copies of the loan documents and the perfected security interest, together with an account history. The Debtor or Scott should also detail why adequate protection is required. Until these things occur, the Objecting Parties oppose the requested relief.

---

[2] The projections include payments to Cameron Law in an amount which cannot be determined as it is lumped together with other professionals. There is no disclosure as to the role of Cameron Law and their employment has not been approved by this Court.

2

9258232v1

|  |  |
|---|---|
|  | MOSS & BARNETT<br>A Professional Association |
| Dated: May 1, 2024 | By  s/ *Matthew R. Burton*<br>      Matthew R. Burton (#210018)<br>150 South Fifth Street, Suite 1200<br>Minneapolis, MN 55402<br>Telephone: (612) 877-5000<br>Email: matthew.burton@lawmoss.com<br>ATTORNEYS FOR CREDITORS WILLIAM KAIN AND MARGARET HENEHAN |

9258232v1