**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

LifeBack Law Firm, P.A.,

               Debtor.

BKY Case No.: 24-60191
Chapter 11

**REPLY OF WILLIAM KAIN AND MARGARET HENEHEN TO MOTION BY U.S. TRUSTEE**

William Kain and Margaret Henehan ("**Kain and Henehan**") submit this response to the motion filed by the Office of the U.S. Trustee ("**UST**") to dismiss this Chapter 11 case [Doc. 38]. The UST's motion is submitted *as an alternate* to the motion filed by Kain & Henehan to remove Debtor Lifeback Law Firm P.A. ("**Debtor**") as a debtor in possession [Doc. 32]. Doc. 38 at p. 2. Kain and Henehan submit that the best course at this early juncture is to remove the Debtor as a debtor in possession.

If this case was to be dismissed, the judgment creditor could immediately levy on bank accounts which could lead to the immediate closure and the displacement of hundreds of clients as well as employees. In fact, the Hoglund & Mrozik, P.L.L.C. ("**Hoglund**") is pressing for dismissal presumedly for that purpose. [Doc. 43]. Preserving this bankruptcy case, whether in a Chapter 11 or a liquidation, could better protect Debtor's clients and, if necessary, in a liquidation, relocate clients in an orderly fashion.

Given Wesley Scott's conduct prior to the commencement of this bankruptcy case, and since,[1] the motion to remove the Debtor as a debtor in possession is one of the few options available

---

[1] Wesley Scott has continued to utilize the Debtor's website to assail Kain & Henehan and Hoglund since the commencement of this case. As recently as May 20, 2024, three YouTube videos were taken down after a threat to involve this Court. On May 24, 2024, Scott added a spurious new YouTube video attacking Henehan's boyfriend which does nothing to drive forward the Debtor's business. That video, too, appears to have been taken down.

in a Subchapter V case to address problematic debtors.  As noted by the UST, the options appear to be removal, dismissal, or conversion - each of which is available to this Court.  Removal is the only option which leaves open the door to a reorganization.  Removal also allows the parties and the Court to explore pathways to minimize the Debtor's waste of resources and to instead focus on creating a return to all creditors.  It is the opinion of Kain and Henehan that it is worthwhile to explore whether the Subchapter V Trustee can navigate an operational path forward.  Even if it can, there will still be hurdles given the nature of this case.

Dismissal of the case is unappealing as it would place Scott squarely back at the helm of the Debtor's operations without the guardrails afforded by a judicially overseen, UST-monitored, Chapter 11 case. One potential option, should the case remain in Chapter 11, would be the consideration of a yet-to-be-filed motion to redesignate the case as a traditional Chapter 11 case pursuant to F.R. Bank. P. 1009(a).  Such a motion would allow for the appointment of a Chapter 11 trustee and strip the Debtor of some of the protections offered by Subchapter V (such as the sole ability to file a plan).  The issues raised by such a motion are discussed in the case of *In re ComedyMX*, *LLC*, 647 B.R. 457 (Bankr. D. Del. 2022) (court elected not to reclassify the case based on facts not present here).  Even without reclassification, the Subchapter V Trustee may be able to navigate a path forward.  It is too early to elect to dismiss or convert this case.

While the Debtor opposes each the motions of Kain and Henehan and the UST, its response is nothing more than selective rebuttals. Many allegations are unrefuted. Just about any allegation standing by itself would entitle Kain and Henehan to relief.  Given the plethora of legal and financial issues cause by Scott, the problems faced by the Debtor center around Scott and his decisions. There is no running from that.  His click fraud, alone, is enough.

If Wesley Scott continues his disruptive and counterproductive conduct while within the Chapter 11 refuge that he sought, all cards should then be on the table. Kain and Henehan believe that the best path forward is to force someone other than Wesley Scott to control the Debtor. If that does not work, then Kain and Henehan would support conversion of this case over dismissal.

                                      MOSS & BARNETT
                                      A Professional Association

Dated: May 24, 2024            By  s/ *Matthew R. Burton*
                                          Matthew R. Burton (#210018)
                                    150 South Fifth Street, Suite 1200
                                    Minneapolis, MN 55402
                                    Telephone: (612) 877-5000
                                    Email: matthew.burton@lawmoss.com
                                    ATTORNEYS FOR WILLIAM KAIN AND
                                    MARGARET HENEHAN