**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:

LifeBack Law Firm, P.A.,                                                          BKY Case No.: 24-60191
                                                                                              Chapter 11
          Debtor.
_____

**OBJECTION TO 3RD MODIFIED CHAPTER 11 PLAN**
_____

      Hoglund & Mrozik, P.L.L.C. ("Hoglund") respectfully files this objection to the *3RD Modified Plan of Reorganization under Subchapter V of Chapter 11* (Doc. 134) ("Third Plan").

### I.    INTRODUCTION.

    1.    Hoglund filed its *Preliminary Objection to Debtor's 3RD Modified Plan of Reorganization under Subchapter V of Chapter 11* (Doc. 140) in an abundance of caution before knowing whether it its objection would be moot.

    2.    Since the Court continued its rendering of its decision on the motion to dismiss and set the hearing for confirmation of the Third Plan for October 2, 2024, Hoglund respectfully submits this Objection for the Court's consideration.

    3.    Hoglund objects to the Third Plan on four grounds:

- If the Court grants Hoglund's motion to dismiss (which it should based on the evidence adduced at trial and Hoglund's Post-Trial Brief [Doc. 120]), the Third Plan confirmation will be moot;

- The Third Plan is not consensual;

- If the Court denies Hoglund's motion to dismiss, confirmation should be alternatively denied for lack of good faith; and/or

- Because the plan is discriminatory and is not fair and equitable.

## II. ARGUMENT.

### A. THE PLAN IS NOT CONSENSUAL.

4. Section 1191(a) governs confirmation of consensual plans in Subchapter V cases and incorporates the requirements section 1129(a). Specifically, section 1191(a) provides that: "The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." (footnote omitted.)

5. Section 1129(a)(8) and (a)10 have not been satisfied here because Hoglund has voted to reject the Third Plan. (See, Hoglund Ballot No. ---, filed on September 25, 2024 via FedEx overnight delivery, but does not yet appear on the Court's ballot register.)

6. Since the requirements for a consensual plan have not been met as a matter of law, the Third Plan must satisfy the requirements of section 1191(b) for confirmation of a non-consensual plan. It does not for the reasons discussed below.

### B. CONFIRMATION OF THE 3RD MODIFIED PLAN SHOULD BE DENIED BECAUSE THIS CASE SHOULD BE DISMISSED.

7. Hoglund's motion to dismiss has been fully submitted and the Court has set the rendering of its decision for October 2, 2024. The Court deferred its decision on the motion to dismiss to provide Debtor and Hoglund an opportunity to agree on a consensual plan. Hoglund's counsel met in person with Debtor's counsel and Mr. Scott at the

courthouse following the September 18 appearance in-person in a good faith attempt to arrive at a consensual plan. The discussions were not fruitful. Hoglund's Counsel further conferred with Hoglund following the meeting and Mr. Nosek to seek his assistance in mediating a consensual plan. Those efforts were unsuccessful.

8. Accordingly, the motion to dismiss is ripe for a final determination. If the Court grants the motion to dismiss based on the evidence adduced at the August 1 and August 2, 2024 trial and the reasons set forth in Hoglund's Post-Trial Brief (Doc. 120), confirmation of the Third Plan would be moot.

**C.    LACK OF GOOD FAITH.**

9. If the Court denies Hoglund's motion to dismiss, confirmation should be denied for the Debtor's lack of good faith. 11 U.S.C. § 1191(b) incorporates the § 1129(a)(3) requirement that Chapter 11 Plans be proposed in "good faith."

10. Section 1129(a)(3) requires that plans be proposed in good faith, but the Code does not define good faith. *Hanson v. First Bank of S.D., N.A.*, 828 F.2d 1310, 1315 (8th Cir. 1987) (overturned on other grounds)). "[H]owever, a plan is considered proposed in good faith 'if there is a reasonable likelihood that the plan will achieve a result consistent with the standards prescribed under the Code.' " *Id*. (internal citation omitted).

11. To determine if the plan will achieve a result consistent with the Code, the Court must judge the case on its own facts after considering the totality of the circumstances surrounding the plan and the bankruptcy filing. *See*, *Noreen v. Slattengren*, 974 F.2d 75, 76 (8th Cir. 1992); *see also*, *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 381 (8th Cir.2000) ("the powerful equitable weapons of the bankruptcy court should be

available only to those debtors with clean hands.").

12. The lack of good faith is present if a debtor proposes a plan to abuse the judicial process or when there is no legitimate need to reorganize. *See*, *e.g.*, *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119 (3rd Cir. 2004).

13. Here, not only does the Debtor come to this Court with unclean hands, but it is also attempting to use the Bankruptcy Code to circumvent the confirmed arbitration awards, enforcement thereof, and to relitigate the counterclaims Debtor lost. Debtor is plainly using this bankruptcy process for strategic purposes, as evidenced by the fact that it has plenty of money to satisfy a Hoglund judgment, pay all unsecured creditors, and fund the Kain/Henehan settlement without the need for the protection of the Bankruptcy Code.

14. Additionally, Debtor has indicated it will object to Hoglund's claim for post-petition interest, attorneys' fees and costs; and Hoglund's adversary complaint to determine non-dischargeability under 11 U.S.C. § 523 (Adv. No. 24-06025) will have to be litigated. In other words, the 3rd Modified Plan is not consensual, is not a 100% plan, and will involve months of ongoing litigation if this case is not dismissed.

15. The 3rd Modified Plans also seek stay relief for Debtor to pursue the claims on Schedule B in state court, which include the same claims Debtor asserted against Hoglund that Debtor lost in the Arbitration. (*See*, 3rd Modified Plan, Article 5.4 and Doc. 1, Schedule B at p. 10.)

16. Mr. Scott's continuing quest to destroy Hoglund and his inability to accept Judge Magill's confirmation of Judge Fraser's arbitration awards is further exemplified by his June 9, 2024 frivolous ethics complaint against Hoglund (Hog. Ex. 22); and his

relentless and deceptive attacks on Hoglund in LifeBack's widely disseminated Bankruptcy Buzz newsletters. (Doc. 77-16 & 20; Kain&Henehan Trial Exs. 20-24).

17. It cannot be overlooked that the arbitration awards demonstrate that LifeBack intentionally engaged in click fraud to damage Hoglund; engaged in false advertising in violation of the federal Lanham Act and the Minnesota Deceptive Trade Practices Act; and that Mr. Scott has engaged in conduct unbecoming of an attorney. (Doc. 77-3, Interim Award at 3-4, 11-12, and 13 n.2.)

18. Mr. Scott's initial explanation as to why he caused this Chapter 11 case to be filed is telling and has nothing to do with a legitimate attempt to reorganize: "I think from a 2,000-foot view it was white, straight privileged people who couldn't get their way so they had to cheat." (Doc. 61-3, 341 Transcript at p. 9, lines 2-9.)

19. At bottom, there is no need to consume this Court's resources or provide Debtor the protections of the Bankruptcy Code to resolve what is essentially a three-party dispute (Debtor, Hoglund and Kain/Henehan) when the parties' rights are protected in state court, and when Debtor has plenty of cash on hand that is projected to grow significantly over the next three years. (*See*, Debtors August Operating Report, Doc. 139 at pp. 2-8.) There is plainly no legitimate need for Debtor to reorganize. This case was filed to stifle the imminent entry of the state court judgment in favor of Hoglund. (Doc. 61-3, 341 Transcript at p. 40, lines 10-19.) The Third Plan has not been filed in good faith and confirmation should be denied on that basis.

**D.　THE 3ᴿᴰ MODIFIED PLAN IS DISCRIMINATORY AND IS NOT FAIR AND EQUITABLE.**

20.　Hoglund also objects to the Third Plan on the ground it is discriminatory and not fair and equitable as compared to the treatment of Kain/Henehan, Debtor and Mr. Scott.

21.　Section 1191(b) requires that a non-consensual plan be fair and equitable:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs *if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under*, and has not accepted, the plan.

(Emphasis added.)

22.　It is the "duty of a bankruptcy court to determine that a proposed compromise forming part of a reorganization plan is fair and equitable." *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

23.　Here, Debtor's Third Plan includes provisions that provide significant benefits to Kain/Henehan, Debtor and Mr. Scott that are not provided to Hoglund. Specifically, meaningful releases, the cessation of the vile social media activity of Wesley Scott/LifeBack, and the effective elimination of Mr. Scott's personal exposure to preference and avoidance claims.

24.　The relevant articles of the Third Amended Plan provide:

> 5.5 <u>Release of Claims</u>. Upon confirmation of this Plan, the claims scheduled against Anthony Shelton, Margaret Henehan, William Kain, Kain + Henehan, LLC, known and unknown, are released, and the Debtor is authorized to dismiss any pending claims with prejudice. Upon confirmation of this Plan, the Debtor releases

> Hoglund & Mrozik, P.L.L.C. from the claims raised and litigated in the arbitration matter.
>
> 5.6 <u>Social Media Posts</u>. The Debtor and its employees agree not to post any more videos, social media posts, or other public communications mentioning Anthony Shelton, Margaret Henehan, William Kain, and/or Kain + Henehan, LLC. Further, the Debtor agrees to remove four (4) YouTube videos prior to confirmation as determined by Anthony Shelton, Margaret Henehan, William Kain, and/or Kain + Henehan, LLC. Likewise, Anthony Shelton, Margaret Henehan, William Kain, and/or Kain + Henehan, LLC agree not to post any more videos, social media posts, or other public communications mentioning the Debtor.
>
> 5.7 <u>Reservation of Rights</u>. The Debtor reserves all rights to preference claims, avoidance claims and the like, including any claims against Wesley Scott. The Debtor does not intend to pursue any such claims given this Plan pays all creditors its allowed claims in full.

(Doc. 134 at Art. 5.5 through 5.7.)

25. The release provision relating to Hoglund is limited to "the claims raised ***and*** litigated in the arbitration matter." (Doc. 134, Art. 5.5.) This so-called release is ***narrower*** that claim preclusion principles which bar claims that were ***or could have been*** raised. *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007) ("Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action"). The proposed release is meaningless because it provides no incremental benefit to Hoglund.

26. In contrast, Kain/Henehan are receiving ***meaningful*** releases putting an end to the long-standing litigation between Scott (personally), Debtor, and Kain/Henehan.

27. As noted above, Debtor specifically reserves the right to sue Hoglund to relitigate the counterclaims it brought (or could have brought) and lost in arbitration.

7

28. Mr. Scott and Debtor's vile and false internet postings asserting the identical counterclaims it lost in arbitration[1] are ***still on*** LifeBack's website and the internet ***as of the date of this Objection***.[2]

29. Mr. Scott cannot get over the fact that LifeBack lost the arbitration and is fixated on continuing his vendetta that began in 2019 with intentional and malicious click fraud. Lest there be any doubt of his contempt for Judge Fraser's confirmed arbitration award, Scott testified that "the [arbitration] award was just ridiculous." (Doc. 61-3, 341 Transcript at p. 47, line 2.).

30. The Third Plan also reserves in Debtor all preference and avoidance claims, "including any claims against Wesley Scott," (Doc. 134 at Art. 5.7), which is a blatant conflict of interest. Mr. Scott is the majority shareholder of the DIP, does not have separate counsel, and after buying out Kain/Henehan, will be the sole shareholder of Debtor.

31. Debtor's Third Plan is a transparent attempt to continue its attempt to use this Court's powers to effectively neuter Judge Fraser's arbitration awards, Judge Magill's confirmation of the awards, and Hoglund's ability to fully enforce the awards, when Debtor has the resources to pay the awards in full without any impact on the viability of its law

---

[1] *See,* Judge Fraser's Arbitration Awards (Doc. 77-3 at pp. 20-23, & 25 and Doc. 77-4 at pp. 2-4, & 9); Judge Magill's confirmation of the awards (Doc. 77-5 at pp. 1-11); and the Minnesota Office of Lawyers Professional Responsibility Determination that Discipline is Not Warranted Without Investigation (Doc. 98-2).

[2] *See*, *e.g.*, https://blog.lifebacklaw.com/blog/court-filing-says-hoglund-law-engaged-in-massive-fraud and https://www.youtube.com/watch?v=KInwCgEJ7Lg last visited September 25, 2024.

firm.

32. The Third Plan is discriminatory, is not fair and equitable, and confirmation should be denied.

WHEREFORE, Hoglund respectfully requests that the Court not confirm the 3rd Modified Plan.

## **VERIFICATION**

I, Shawn M. Perry, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Date: September 25, 2024             **PERRY & PERRY, PLLP**

*/e/ Shawn M. Perry*
Shawn M. Perry (#185000)
West End Plaza, Suite 336
1660 Highway 100 South
Minneapolis, MN 55416
(952) 546-3485
shawn.perry@pppllp.com

ATTORNEY FOR HOGLUND & MROZIK, P.L.L.C.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

___

In re:

LifeBack Law Firm, P.A.,   BKY Case No.: 24-60191
                                                              Chapter 11

       Debtor.
___

**CERTIFICATE OF SERVICE**
___

The undersigned hereby certifies under penalty of perjury that on September 25, 2024, he caused to be filed electronically the attached: Objection to 2nd Modified Chapter 11 Plan, thereby causing the following parties to be served by CM/ECF or first class mail postage pre-paid at the addresses set forth below:

**CM/ECF:**

- **Matthew R. Burton** matthew.burton@lawmoss.com, brandi.kasheimer@lawmoss.com
- **Sam Calvert** calcloud@gmail.com, calcloud1@gmail.com;CalvertLawOffice@jubileebk.net;calvertcmecf@outlook.com;calvert1cmecf@outlook.com
- **Andrew J. Glasnovich** andrew.glasnovich@stinson.com, mpl.lssteam5@stinson.com
- **John D. Lamey** bankrupt@lameylaw.com, MGangi@lameylaw.com;ewise@lameylaw.com
- **Steven B Nosek** snosek@noseklawfirm.com, loriadamson@noseklawfirm.com

Executed: September 25, 2024   /s/ Shawn M. Perry
                                                                     Shawn M. Perry