UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |  |  |
|---|---|---|---|
|  |  | Bankruptcy No. | Chapter 11<br>24-60191 |
|  |  | Adversary No. |  |

| | |
|---|---|
| In Re:<br><br>LifeBack Law Firm, P.A.,<br><br>               Debtor,<br><br>LifeBack Law Firm, P.A.,<br><br>               Plaintiff,<br><br>vs.<br><br>Quadient Leasing USA, Inc, and Comcast Business Communications, LLC.,<br><br>               Defendants. | **ADVERSARY COMPLAINT** |

As and for its Adversary Complaint, Plaintiff LifeBack Law Firm, P.A. ("Plaintiff") states and alleges as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff brings this adversary complaint in the above-captioned case, which was filed on April 28, 2024, under Chapter 11 of Title 11, United States Code.

2.    Pursuant to Federal Rules of Bankruptcy Procedure, Part VII – Adversary Proceedings, Rule 7008, Plaintiff consents to entry of final orders or judgment by this Bankruptcy Court.

3.    The Court, therefore, has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of Plaintiff and/or the

bankruptcy estate, pursuant to 28 U.S.C. § 1334. This is a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue is proper under 28 U.S.C. § 1409(a).

### INTRODUCTION

4.   This Complaint seeks to remedy violations of the Stay provisions of the Bankruptcy Code by Defendants above-named, who affirmatively continued collection activity after multiple notifications of the filing of a Chapter 11 Voluntary Petition in this case, in violation of the Stay provisions of the Bankruptcy Code, 11 U.S.C. §362.

### FACTS

5.   Plaintiff is a natural person and a debtor in this proceeding.

6.   Defendant Quadient Leasing USA, Inc., ("Defendant Quadient") has a primary place of business at 478 Wheelers Farms Road, Milford, CT 06461, and at all times relevant herein conducted business in this district.  It is a pre-petition creditor, as the debt it is collecting, either in whole or in part, originated prior to the filing of the aforesaid bankruptcy case.

7.   Sometime prior to April of 2024, Plaintiff incurred a financial obligation with Defendants.

8.   On April 28, 2024, Plaintiff filed a petition under Chapter 11 of the Bankruptcy Code.

9.   On May 1, 2024, Defendant Comcast was provided Notice of Chapter 11 Bankruptcy by the Bankruptcy Noticing Center via electronic transmission sent to documentfiling@lciinc.com.

2

10. On May 3, 2024, Defendant Quadient was provided Notice of Chapter 11 Bankruptcy by the Bankruptcy Noticing Center via First Class Mail to 478 Wheelers Farms Road, Milford, CT 06461-9105.

11. On May 3, 2024, Quadient, Inc., a non-party to this proceeding was provided Notice of Chapter 11 Bankruptcy by the Bankruptcy Noticing Center via First Class Mail to Dept 3689, PO Box 123689, Dallas, TX 75312-3689.

## ACTIONS TAKEN BY DEFENDANT QUADIENT

## POST-FILING

12. On May 3, 2024, Marilyn Borrelli, an agent for Defendant Quadient, emailed Jane Kedrowski, an agent for Plaintiff, demanding payment confirmation for an attached invoice dated February 15, 2024.

13. On May 8, 2024, Marilyn Borrelli, an agent for Defendant Quadient, emailed Jane Kedrowski, an agent for Plaintiff, demanding payment confirmation for an attached invoice dated February 15, 2024.

14. On May 8, 2024, Plaintiff's bankruptcy attorney, John D. Lamey III, Esq., emailed Marilyn Borrelli, providing notice of Plaintiff's bankruptcy and requesting Defendant cease billing the Plaintiff for pre-petition debts.

15. On May 10, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8036 0591, attempting to collect a pre-petition balance of $899.68, including an added late fee of $39.00 and finance charge of $11.44.

16. On May 10, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8058 2095, attempting to collect a pre-petition balance of $140.27, including an added late fee of $39.00 and finance charge of $1.60.

17. On May 15, 2024, Venise Morrison, an agent for Defendant Quadient, emailed Jane Kedrowski two invoice statements, dated March 10, 2024 and March 26, 2024, requesting payment of the outstanding balance.

18. On May 20, 2024, Marilyn Borrelli, an agent for Defendant Quadient, emailed Jane Kedrowski, an agent for Plaintiff, to request payment confirmation for an attached invoice dated February 15, 2024.

19. On June 2, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8056 6247, attempting to collect a pre-petition balance of $248.01, including an added late fee of $39.00 and finance charge of $3.77.

20. On June 3, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0441 3842 9554, attempting to collect a partially pre-petition balance of $2,632.98.01, including an added late fee of $39.00 and finance charge of $35.03.

21. On June 9, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8036 0591, attempting to collect a pre-petition balance of $952.01, including an added late fee of $39.00 and finance charge of $13.33.

22. On June 9, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8058 2095 attempting to collect a partially pre-petition balance of $241.18, including an added late fee of $39.00 and finance charge of $2.16.

23. On June 9, 2024, Defendant Quadient mailed Plaintiff an invoice for the customer number 00174641, attempting to collect a partially pre-petition balance of $3,243.96.

24. On June 20, 2024, Defendant Quadient mailed Plaintiff an invoice for the customer number 00174641, attempting to collect a partially pre-petition balance of $1,826.87.

25. On July 1, 2024, Defendant Quadient mailed Plaintiff a notice that stated in part,

"Quadient Inc.'s records indicate that the invoice(s) shown below were mailed to you more than 60 days ago and remain past due.

Regrettably, we had to place a hold on your account and meter because of past-due payments. Resolving the following invoice details will aid in the restoration of your service. Prompt action will ensure that you avoid further collection efforts."

26. On July 2, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8056 6247, attempting to collect a pre-petition balance of $328.02, including an added late fee of $39.00 and finance charge of $4.24.

27. On July 3, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0441 3842 9554, attempting to collect a partially pre-petition balance of $3,216.79, including an added late fee of $39.00 and finance charge of $44.81.

28. On July 8, 2024, Marilyn Borrelli emailed John Lamey III, Esq., requesting he provide a termination effective date and stating that invoice # 61913938 for billing period 8/25/2023 – 11/24/2023 was not a pre-petition debt.

29. On July 9, 2024 Marilyn Borrelli emailed John D. Lamey III, Esq., requesting he provide a termination effective date and referenced invoice # 17068161 for $578.00. Additionally, Ms. Borrelli stated that invoice # 61913938 for billing period 8/25/2023 – 11/24/2023 was not a pre-petition debt.

30. On July 9, 2024, John D. Lamey III, Esq. emailed Marilyn Borrelli stating that all the invoices she had provided were from before April 2024, the month Plaintiff filed bankruptcy, and asking if there was something he was missing.

31. On July 9, 2024, Marilyn Borrelli emailed John D. Lamey III, Esq., referencing invoice # 61013038, for billing period 5/25/2024 – 8/24/2024, which is not a pre-petition balance. Ms. Borrelli again asked for Plaintiff's termination effective date.

32. On July 9, 2024, John D. Lamey III, Esq. emailed Marilyn Borrelli stating that Plaintiff did not authorize any post-petition services.

33. On July 10, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8036 0591, attempting to collect a partially pre-petition balance of $1,108.12, including an added late fee of $39.00 and finance charge of $16.11.

34. On July 10, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8058 2095, attempting to collect a pre-petition balance of $283.91, including an added late fee of $39.00 and finance charge of $3.73.

35. On July 17, 2024, Defendant Quadient mailed Plaintiff a reminder that their Quadient Leasing Account, number 174641, had a past due amount of $2,475.19.

36. On July 19, 2024, Defendant Quadient mailed Plaintiff a reminder that their Quadient Leasing Account, number 7900 0440 8036 0591, had a past due amount of $1,108.12.

37.  On July 19, 2024, Defendant Quadient mailed Plaintiff a reminder that their Quadient Leasing Account, number 7900 0440 8058 2095, had a past due amount of $283.91.

38. On July 19, 2024, Defendant Quadient mailed Plaintiff a reminder that their Quadient Leasing Account, number 7900 0440 8056 6247, had a past due amount of $328.22.

39. On July 19, 2024, Defendant Quadient mailed Plaintiff a reminder that their Quadient Leasing Account, number 7900 0441 3842 9554, had a past due amount of $3,216.79.

40. On July 29, 2024, Defendant Quadient called Plaintiff requesting information about past due invoices.

41. On August 4, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0441 3842 9554, attempting to collect a pre-petition balance of $3,306.51, including an added late fee of $39.00 and finance charge of $50.72.

42. On August 11, 2024, Defendant Quadient mailed Plaintiff an invoice for the account number 7900 0440 8036 0591, attempting to collect a pre-petition balance of $1,108.12.

43. On August 12, 2024, Jane Kedrowski emailed a copy of the Chapter 11 Bankruptcy Petition and Bankruptcy Docket to Rosemary McCarthy, an agent for Defendant Quadient, and requested they cease all collection activity.

44. On August 12, 2024, Rosemary McCarthy emailed Jane Kedrowski stating she had forwarded her request to Defendant Quadient's legal department.

45. On August 13, 2024, Rosemary McCarthy emailed Jane Kedrowski stating that Defendant Quadient's legal department had determined that Plaintiff was responsible for the $100 of postage downloaded on June 10, 2024, which occurred after filing bankruptcy. She also stated that they had cancelled their credit account, per Defendant Quadient's Chapter 11 Bankruptcy procedures and provided documentation for Plaintiff to fund their account moving forward.

46. On August 15, 2024, Venise Morrison emailed Jane Kedrowski a Final Notice for a past due amount of $5,070.83, stating that if the amount not paid in full it would be referred to an outside collection agency. Attached to this email were four invoices.

47. On August 15, 2024, Jane Kedrowski emailed Venise Morrison stating that Plaintiff had notified Defendant Quadient several times of their bankruptcy filing and demanded they cease all collection activity.

48. On August 15, 2024, Defendant Quadient's collection department emailed Jane Kedrowski requesting she call and provide all details for locations included in bankruptcy.

49. On August 15, 2024, Defendant Quadient called Plaintiff requesting information about specific past due invoices for Plaintiff's St. Cloud office.

50. On September 9, 2024, Defendant Quadient mailed Plaintiff an invoice attempting to collect on a balance of $4,904.58.

51. On September 22, 2024, Defendant Quadient mailed Plaintiff an invoice attempting to collect on a balance of $2,761.89.

52. As of the date of this complaint, Defendant Quadient's collection campaign has included numerous contacts after notice of Plaintiff's bankruptcy. Those contacts were in the form mailed statements, emails, and phone calls. In total Defendant contacted Plaintiff via mailed statement twenty-two (22) times, via email nine (9) times, and via phone two (2) times since filing in April 2023, on multiple occasions. Defendant has continued to assess unlawful late fees as well as pre-petition debt that is included in Plaintiff's Chapter 11 Plan filed with this Court.

**ACTIONS TAKE BY DEFENDANT COMCAST POST-FILING**

53. On July 26, 2024, Defendant Comcast mailed Plaintiff a statement for account number 8772 10 611 085627.

54. On August 26, 2024, Defendant Comcast mailed Plaintiff a statement for account number 8772 10 611 085627.

55. On October 8, 2024, Defendant Comcast emailed Jane Kedrowski demanding payment.

56. On October 8, 2024, Jane Kedrowski emailed Defendant Comcast stating the account had been included in bankruptcy, provided the bankruptcy number, and requested that Defendant Comcast cease all communications.

9

57. As of the date of this complaint, Defendant Comcast's collection campaign has included numerous contacts after notice of Plaintiff's bankruptcy. Those contacts were in the form mailed statements and emails. In total Defendant contacted Plaintiff via mailed statement two (2) times and via email one (1) time since filing in April 2024.

58. Defendant Comcast's actions following May 1, 2024 and Defendant Quadient's actions following May 3, 2024, the dates that the Court contacted Defendants providing notice of Plaintiff's Bankruptcy, were willful and in full knowledge of Plaintiff's bankruptcy filing and the Bankruptcy Court's Automatic Stay.

59. In its actions set forth above, Defendants have violated the stay provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 362(a)(3), and 362(a)(6).

60. Because of Defendants' unlawful and continued collection campaign, Plaintiff has suffered actual damages in the form of lost time and resources spent having to respond to Defendants' unlawful collection communications.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE BANKRUPTCY STAY PROVISION – 11 U.S.C. § 362(a)(3)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10

62. Defendants violated 11 U.S.C. § 362(a)(3) by committing acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, in its attempts to collect prepetition debt.

63. As a result of Defendants' violations of 11 U.S.C. § 362(a)(3), Plaintiff has suffered actual damages in the form of lost time and resources spent having to respond to Defendants' unlawful collection communications.

64. Defendants' conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages in an amount to be determined by the Court pursuant to 11 U.S.C. § 362(k)(1).

## COUNT II.

### VIOLATIONS OF THE BANKRUPTCY STAY PROVISION – 11 U.S.C. § 362(a)(6)

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Defendants violated 11 U.S.C. § 362(a)(6) by committing acts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

67. As a result of Defendants' violations of 11 U.S.C. § 362(a)(6), Plaintiff has suffered actual damages in the form of lost time and resources spent having to respond to Defendants' unlawful collection communications.

11

68.   Defendants' conduct, actions, and inactions were willful, rendering it liable for damages, including costs and attorneys' fees, and punitive damages pursuant to 11 U.S.C. § 362(k)(1).

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays that the Court:**

a.   Hold Defendants in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(3);

b.   Hold Defendants in contempt of court for knowingly, willfully, and deliberately violating 11 U.S.C. § 362(a)(6);

c.   Order Defendants to cease all other collection efforts against Plaintiff;

d.   Award to Plaintiff compensatory damages, sanctions, punitive damages, and attorney's fees for contempt of court and pursuant to 11 U.S.C. §§ 105(a) and 362(k); and

e.   Order all other relief that is just and proper.

Respectfully submitted,

Dated:   October 28, 2024            /e/ Mark L. Vavreck

Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
Attorney for Debtor/Plaintiff
VAVRECK LAW, LLC
7900 International Drive, Suite 300
Bloomington, MN 55425
Telephone: (612) 373-7000
Facsimile:  (612) 659-9220
Email: mark@vavrecklaw.com