# LITIGATION FEE AGREEMENT

I.   ENGAGEMENT OF ATTORNEYS AND SCOPE OF REPRESENTATION

A. Subject Matter of the Representation

1. I, _____(hereinafter "I" or "me"), hereby appoint VAVRECK LAW, LLC, (hereinafter "Attorneys") as my attorneys to investigate and potentially pursue on my behalf legal remedies for violations of the Bankruptcy Code (hereinafter the "Representation"). This agreement will be hereinafter referred to as the "Agreement." This agreement will cover all claims against the collection agencies, creditors and the Credit Reporting Agency.

II.   RESPONSIBILITY FOR COSTS AND LITIGATION EXPENSES

A. Costs and Litigation Expenses

1. I understand and agree that, under the Bankruptcy Code, I have a claim to recover my costs and litigations expenses from any defendant who pays me damages and/or is found liable for violating the permanent injunction.

2. Attorneys agree that they will advance all costs and litigation expenses incurred after Effective Date which they deem necessary to successfully pursue the Representation.

3. Responsibility for advancing costs and litigations expenses incurred will be paid by VAVRECK LAW, LLC.

4. In the event of no recovery on my behalf, Attorneys will have no claim against me for these costs and litigation expenses.

5. In the event of a settlement, arbitration award, judgment, or verdict, Attorneys will be reimbursed all costs and litigation expenses incurred from the money received from any defendant on my behalf, including the cost of legal research, prior to the payment of any money to Attorneys for their fees or to me for my damages.

6. I hereby assign to Attorneys my right under the bankruptcy code to recover any costs and litigation expenses that are advanced by Attorneys on my behalf.

7. I agree to pay $0 retainer fee to offset initial costs and attorney's fees.

III.   <u>COMPENSATION FOR ATTORNEYS' FEES</u>

    A.  Calculation of Fees:

1.  I understand and agree that, under the bankruptcy code, I have a claim to recover attorneys' fees from any defendant who pays me damages and/or is found liable for violating the Bankruptcy Code.

2.  I understand and agree that, for each lump sum settlement, arbitration award, judgment, or verdict that does not specifically separate my claim for damages from my claim to recover attorneys' fees, Attorneys shall receive compensation calculated according to the number of hours spent on my case at the hourly rates set forth in Part III.B of this Agreement. These fees will be deducted from the total amount of money obtained from a defendant after costs and litigation expenses have been deducted (see Part II of this Agreement). These fees will be paid prior to distribution to me of money received from any defendant for my damages. The alternative is a split of 45 (Vavreck Law) / 55 (me) if the fees are less than the total amount recovered.

3.  If I receive a settlement, arbitration award, judgment, or verdict that expressly provides for one amount for my claim for damages and then expressly provides, as a separate number, another amount for my claim for attorneys' fees, Attorneys shall have the right to recover the separate amount provided for attorneys' fees.

4.  I hereby assign to Attorneys my right under the Bankruptcy Code to recover any attorneys' fees that are recoverable under the Bankruptcy Code.

    B.  Rates:
       1.  Mark L Vavreck, Esq. - $515 per hour
       2.  Associate Attorney - $250 per hour
       3.  Law Clerks - $125 per hour
       4.  Paralegals - $125 per hour

    C.  No Claim Against Me For Attorneys' Fees in the Event of No Recovery.

    D.  Under relevant law, Client has a statutory legal claim that requires Defendant to pay Client's attorney's fees and costs if Client prevails in its case. Client hereby assigns this statutory legal claim to attorney's fees and costs to Attorney. Pursuant to this assignment, Defendant -- and not Client -- will pay Attorney any and all fees and costs for Attorney's services as awarded by the court, or as agreed upon by the parties through settlement. Such amount will constitute the only fees and costs to which Attorney is entitled. Client does not currently owe nor will Client owe any debt to Attorney for Attorney's services or costs.

E. If the court orders Defendant to pay a specified amount of attorney's fees and costs, such amount will constitute payment under the statutory legal claim that has been assigned to Attorney.

F. If Client reaches a settlement with Defendant, a portion of such settlement will constitute payment under the statutory legal claim that has been assigned to Attorney:

    1. If the settlement agreement specifies the amount paid for attorney's fees and costs, such amount shall constitute the amount paid with respect to the claim that has been assigned to Attorney.

    2. If the settlement agreement does not specify the amount paid for attorney's fees and costs, the portion of the settlement paid with respect to the claim that has been assigned to Attorney shall equal the fair market value of Attorney's services and costs.

G. Attorney will pay all costs and expenses in Client's case (including, but not limited to, postage, filing fees, long distance calls, legal research, law clerks, copies, court reporters, process servers, and expert witnesses).

**IN THE EVENT OF NO RECOVERY ON MY BEHALF, MY ATTORNEYS SHALL HAVE <u>NO CLAIM</u> AGAINST ME AS A FEE FOR SERVICES RENDERED.**

IV.    <u>NO PROMISES REGARDING OUTCOME OF CASE MADE BY ATTORNEYS</u>

A. I understand and agree that Attorneys have made no promises regarding the outcome of my case. I understand and agree that Attorneys will investigate the case and determine whether to continue to pursue the Pending Action. I understand and agree that Attorneys will review to determine if another avenue of potential relief exists.

V.    <u>RIGHT TO WITHDRAW AT ANY TIME IF ATTORNEYS DETERMINE THAT HAVE NO MERITORIOUS CLAIM FOR RELIEF OR THAT CONTINUED REPRESENTATION WOULD REQUIRE VIOLATION RULES OF PROFESSIONAL CONDUCT</u>

A. If, at any point, Attorneys form the opinion that I have no meritorious claim for relief, my attorneys will have the absolute right to withdraw as counsel and to cancel this Agreement. If, at any point, Attorneys form the opinion that continuing the Representation will require Attorneys to violate the Minnesota Rules of Professional Conduct, my attorneys will have the absolute right to withdraw as counsel and to cancel this Agreement.

VI.    <u>DUTY TO COMMUNICATE</u>

A. I agree to keep my attorneys advised of my whereabouts at all times; to cooperate in the preparation of trial of this case at all times; to appear, upon reasonable notice, for

depositions and/or court appearances; and to comply with all reasonable requests made of me in connection with the preparation and presentation of my case.

B. Attorneys will respond to my communications regarding the Representation with reasonable promptness as determined by the context and circumstances of my communications. Attorneys will keep me advised of the status of my case.

## VII. RESPONSIBILITY FOR ATTORNEYS FEES IF I DECIDE TO NOT CONTINUE WITH THE REPRESENTATION

A. If I decide for any reason not to proceed with the Representation or to terminate the services of Attorneys, I hereby agree to reimburse Attorneys for their services at the rates listed in Part III of this Agreement.

B. If Client terminates Attorney's representation before any recovery:
1. Attorney agrees to assign the statutory legal claim for attorney's fees and costs to Client; and
2. Client agrees to pay Attorney the fair market value of Attorney's services performed and costs incurred until the time of termination.

## VIII. ENDORSEMENT OF CHECKS MADE PAYABLE TO ME

A. In the event of settlement or verdict, I hereby authorize my attorneys to endorse all checks made payable to me to their trust accounts for the purpose of expediting the resolution of my case and my receipt of any settlement or verdict proceeds.

## IX. WHEN THE REPRESENTATION ENDS

A. The Representation ends when terminated in accordance with Part IV or Part VI of this Agreement or when Attorneys and I agree that all possible claims for relief covered by the Representation have been exhausted or should be abandoned or released.

## X. CONFIDENTIALITY, AND SOCIAL MEDIA SITES

A. You must not discuss or report anything about your case to any "social media" sites to which you may belong, or send any information about the case through texting or e-mail, etc. (except to me, since that is privileged information). Defendants and their insurance companies routinely monitor such sites and seek e-mail and text addresses of claimants such as you to obtain information, and can subpoena such information direct from your service providers. Not only could you damage your case, any "friend" on your site could be forced to become a witness and discuss all conversations they ever had with you about many topics. *Please take this warning seriously.*

XI.   <u>REPRESENTATION</u>

VAVRECK LAW, LLC and their attorney(s) ("We", "Our" and "Us") agree to represent Client(s) ("You" and "Your") in your consumer law matter and its related claims. You have not hired us to defend any state court action filed or served upon you, nor will we pursue any appeal on your case. We will handle your matter, explain your rights, keep you updated, and advise you of your legal options. We cannot and do not guarantee particular results. You authorize us to formulate and make an initial demand in your case to the other side using our professional judgment and at our sole discretion. We may associate with anyone we deem necessary to litigate your claims. You agree to keep us informed about your current address, telephone numbers and other contact information at all times during our representation of you. If you move, you will tell us immediately where you have moved to and how our firm can reach you. You authorize us to use and disclose any recorded tapes or material you provide to us to pursue your case, to educate others about collection matters, or to use for broadcast with radio, television, or internet media, but we will not do so if you instruct us in writing not to when you provide us the materials. You have been advised and understand that any time you or we use electronic communications, such as cellular phones, fax, or email to communicate about your case there is always a risk of inadvertent or deliberate interception of these communications by others. You agree that you will contact us if you have questions about your legal matter and our office will endeavor to promptly respond to you. Consumer law claims often become more valuable over time. For this reason, you may not hear anything from our office for several months. We encourage you to check in regularly with us if you are being contacted by any collection agency or lawyer for the payment of a debt, or you just want to know the status of your case. You agree not make any complaints, blog entries, Facebook, Twitter, social media posts, emails, letters, phone calls, or the like to anyone regarding this collector's conduct, or about our representation of you. This includes debt collector complaints to the FTC, Commerce Department, or BBB, or any other regulatory board unless agreed to in advance and in writing with us. This agreement is made in the State of Minnesota and only Minnesota laws will apply to its interpretation. **This entire agreement is subject to a mandatory Binding Arbitration Provision.**

XII.   **IMPORTANT NOTICE:** This agreement contains provisions requiring arbitration of all disputes between us. Before you sign this agreement, you should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without the use of the court system. By entering into agreements that require arbitration as the way to resolve disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration. You have a right to confer with another lawyer with respect to any adverse consequences that might result from agreeing to mandatory arbitration before you sign this agreement.

<u>**Binding Arbitration Provision.**</u>

**Purpose.** Any dispute, of any kind, involving you and us, shall be resolved through individual arbitration. In arbitration, there is no judge or jury, there is no trial, and there is less discovery and there is no appellate review in any court. You hereby acknowledge that arbitration is your only recourse and that you waive your right to trial by jury and to judicial appeal by signing this agreement.

**Process.** If a dispute of any kind arises from or relates to this contract or the breach thereof, and if the dispute cannot be settled through direct confidential discussions, the parties agree to endeavor first to settle the dispute by confidential mediation administered by the American Arbitration Association under its Consumer Mediation Procedures before resorting to arbitration. The parties further agree that any unresolved controversy, complaint, or claim arising out of or relating to this contract, or breach thereof, shall be settled by confidential arbitration administered by the American Arbitration Association in accordance with its Consumer Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The place of arbitration shall be Minneapolis, Minnesota. The arbitration shall be governed by the laws of the State of Minnesota. The arbitrators will have no authority to award punitive or other damages not measured by the prevailing party's actual damages, except as may be required by statute. Each party shall bear its own costs and expenses in an equal share of the arbitrators' and administrative fees of arbitration.

**Definitions.** This Arbitration Provision shall be broadly interpreted. "Dispute" means any claim, complaint, or controversy in any way related to us or our relationship, including but not limited to any and all: (1) claims for relief and theories of liability, whether based in contract, tort, fraud, negligence, breach of fiduciary duty, conflict of interest, malpractice, statute, standard, rule, regulation, ordinance, complaint, allegation, or otherwise; (2) claims that arose before this or any prior Agreement; (3) claims that arise after the expiration or termination of this Agreement, and (4) claims that are the subject of purported class action litigation. As used in this Binding Arbitration Provision, "us" and "our" means VAVRECK LAW, LLC and any of its predecessors, successors, assigns, parents, subsidiaries, and affiliates, and each of their respective co-counsel, law firms, officers, directors, members, partners, attorneys, employees and agents, and "you" means you and any beneficiaries of our legal services.

**Initiation of Arbitration Proceeding/Selection of Arbitrator.** The party initiating the arbitration proceeding may open a case with the American Arbitration Association ("AAA") by visiting its website (www.adr.org) or calling its toll-free number (1-800-778-7879). You may obtain the AAA Rules at that website or toll-free number. Any party may deliver any required or desired notices to the other party by mail to the last known address provided.

**Arbitration Procedures.** This Arbitration Provision shall be governed by the Federal Arbitration Act. Arbitrations shall be administered by the AAA pursuant to its

Consumer Arbitration Rules (the "AAA Rules") as modified by the version of this Arbitration Provision that is in effect when you notify us about your Dispute. If there is a conflict between this Arbitration Provision and the rest of this Agreement, this Arbitration Provision shall govern. If there is a conflict between this Arbitration Provision and the AAA rules, this Arbitration Provision shall govern. If the AAA will not administer a proceeding under this Arbitration Provision as written, the parties shall agree on a substitute arbitration organization. If the parties cannot agree, the parties shall mutually petition a court of appropriate jurisdiction to appoint an arbitration organization that will administer a proceeding under this Arbitration Provision as written applying the AAA Consumer Arbitration Rules. A single arbitrator will resolve the Dispute.

**Waiver of Class Actions and Collective Relief.** There shall be no right or authority for any claims to be arbitrated or litigated on a class action, joint or consolidated basis or on bases involving claims brought in a purported representative capacity on behalf of the general public (such as a private attorney general), other subscribers, or other persons. The arbitrator may award relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that individual party's claim. The arbitrator may not award relief for or against anyone who is not a party. The arbitrator may not consolidate more than one person's claims and may not otherwise preside over any form of a representative or class proceeding. This waiver of class actions and collective relief is an essential part of this arbitration provision and cannot be severed from it. The remaining portions of this arbitration provision are not essential parts of this arbitration provision and can be severed from it by a court of competent jurisdiction.

**Arbitral Fees and Costs.** You may hire an attorney to represent you in arbitration. You are solely responsible for your attorneys' fees and additional costs and may only recover your attorneys' fees and costs in the arbitration to the extent that you could in court if the arbitration is decided in your favor.

**Survival.** This Arbitration Provision shall survive the termination of your legal service with us.

**Severability.** The unenforceability or invalidity of any clause in this Agreement shall not have an impact on the enforceability or validity of any other clause. Any unenforceable or invalid clause shall be regarded as removed from this Agreement to the extent of its unenforceability and invalidity. Therefore, this Agreement shall be interpreted and enforced as if it did not contain the said clause to the extent of its unenforceability and invalidity.

By signing below, you are indicating that you read this Agreement, agree to its terms and acknowledge that you have received a copy of it.

My signature below acknowledges that the above terms and conditions accurately reflect my understanding of our attorney-client relationship.

Dated: _____          Signature: _____

_____          Dated: _____

Mark L. Vavreck, Esq.
**VAVRECK LAW, LLC**
International Plaza
7900 International Drive
Suite 300
Bloomington, MN 55425
(P) (612) 373-7000
(F) (952) 854-8437
Mark@VavreckLaw.com