**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                    BKY No. 24-60191 MER
                                                                                    Chapter 11 Case

LifeBack Law Firm, P.A.,

             Debtor.

_____

**NOTICE OF HEARING AND MOTION TO APPROVE SETTLEMENT**
**AGREEMENT WITH QUADIENT LEASING USA, INC.**

_____

TO:     ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL
        RULE 9013-3:

1.      LifeBack Law Firm, P.A. (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2.      The court will hold an interim hearing on this motion on **Thursday, February 27, 2025 at 9:30 a.m.** The hearing will take place at the US Courthouse, Courtroom 7 West, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.      Any response to this motion must be filed and served not later than February 20, 2025. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1332, and Fed. R. Bankr. 3022, and Local Rule 4004-1.  This is a core proceeding. The petition commencing this Chapter 11 case was filed on April 28, 2024 (the "Petition Date").  Debtor obtained confirmation of its 3rd Modified Plan of Reorganization Under Subchapter V of Chapter 11 Dated September 12, 2024 (Docket No. 134)(the "Plan") on October 2, 2024 by order of this court (Docket No. 149).

5.      The relief sought in this motion is based on 11 U.S.C. § 363, Bankruptcy Rules 9019, 9013 and 9014, and Local Rules 9019-1, 9013-1 to 9013-3.

6.      Pursuant to the Plan, the Debtor retained all causes of action under Chapter 5 of Title 11 of the United States Code (11 U.S.C. § 101 *et. seq.*).

7.      LifeBack Law Firm, P.A., as debtor and debtor in possession (the "Debtor"), by and through its undersigned attorney, hereby respectfully submits this motion (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement of claims against Quadient Leasing USA, Inc. ("Quadient Leasing") and non-party Quadient, Inc. ("Quadient" and together with Quadient Leasing the "Quadient Entities") in an adversary proceeding (the "Adversary Proceeding") captioned *LifeBack Law Firm P.A. vs. Quadient Leasing USA, Inc. et al.*, Adversary Proceeding Number 24-06032 pending in this Court

8.      On October 28, 2024, the Debtor commenced Adversary No. 24-06032, which alleges that the Debtor incurred financial obligations with Quadient Leasing prior to the Petition Date (Comp. ¶ 7); that the Quadient Entities received notice of the Debtor's chapter 11 case (Comp. ¶¶ 10-11); and that Quadient Leasing violated section 362 of the Bankruptcy Code as a result of certain collection efforts that it engaged in following the Petition Date

9.      The Quadient Entities deny the allegations in the Adversary Proceeding; note that the Debtor continued to utilize the services of the Quadient Entities following the Petition Date and incurred obligations to Quadient Leasing after the Petition Date; note that the Debtor continues to possess certain equipment owned by the Quadient Entities; and contends that it has one or more viable defenses exist to the allegations related to the Adversary Proceeding.

10.     The parties engaged in settlement discussions and came to a successful

resolution that was fair and equitable.  The settlement avoided additional time, cost, and uncertainty of further litigation.

## SETTLEMENT AGREEMENT

11.     In an effort to avoid protracted litigation related to the Adversary Proceeding, the Debtor and the Quadient Entities have agreed to fully and finally resolve any and all claims by and between them related to the contractual relationship that arose prior to the Petition Date in consideration of (i) the Quadient Entities tendering a payment to the Debtor in the amount of $7,500.00;  (iii) the Debtor returning all equipment to the Quadient Entities currently in its possession, custody and control; and (iii) the parties providing each other mutual, reciprocal general releases.  A copy of the executed Settlement Agreement is attached as Exhibit A.

12.     The parties entered into a Settlement Agreement memorializing in writing the terms of the settlement.[1]

## RELIEF REQUESTED

12.     The Debtor requests that the Court approve the Settlement Agreement pursuant to Bankruptcy Rule 9019. In the Debtor's business judgment, the Settlement Agreement is in the best interests of the Debtor, its creditors, and other stakeholders.

13.     Pursuant to Local Rule 9013-2(a), this Motion is verified and is accompanied by a memorandum, proposed order, and proof of service.

14.     Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Wesley Scott, Debtor's Managing Partner, to testify regarding the facts relevant to this Motion. Mr. Scott's business address is 13 7th Avenue S., St. Cloud, Minnesota 56301.

---

[1] The general description of the terms of the Settlement Agreement in this Motion is provided for convenience only. To the extent there is any inconsistency between the summary set forth in this Motion and the Settlement Agreement, the latter governs in all respects.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order approving the Settlement Agreement.

Dated: February 6, 2025

/e/  John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)
*Counsel to the Debtor*

## VERIFICATION

I, Wesley Scott, am the Managing Partner of LifeBack Law Firm, P.A.  Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion to Approve Settlement Agreement with Defendant Quadient Leasing USA, Inc. are true and correct, according to the best of my knowledge, information, and belief.

Dated: February 6, 2025

/s/ *Wesley Scott*
Wesley Scott, Managing Parter

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                      BKY No. 24-60191
                                                            Chapter 11 Case

LifeBack Law Firm, P.A.,

           Debtor.

### MEMORANDUM OF LAW IN SUPPORT OF SETTLEMENT AGREEMENT

LifeBack Law Firm, P.A. ("Debtor") submits this Memorandum of Law in support of

its Motion to Approve Settlement Agreement ("Motion).[2]

### ARGUMENT

### THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019.

Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a

hearing, the bankruptcy court may approve a compromise or settlement."  The Supreme Court has

recognized that "in administering a reorganization proceeding in an economical and practical

matter, it will often be wise to arrange the settlement of claims in which there are substantial and

reasonable doubts."  *In re Protective Committee for Independent Stockholders of TMT Trailer*

*Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 9-10 (1968).

The settlement of time-consuming and burdensome litigation, especially in the bankruptcy

context, is encouraged.  *In re: Penn Central Transportation Co.*, 596 F.2d 1002 (3d Cir. 1979).

Approval of a proposed settlement is within the "sound discretion" of the bankruptcy

---

[2] The supporting facts are set forth in the verified Motion. All capitalized terms have the
meaning ascribed to them in the Motion.

court. *In re Neshaminy Office Buildings Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986). Bankruptcy Courts within the Eight Circuit may approve a settlement that is "fair and equitable." *See In re Stewart,* No. AP 22-04053, 2023 WL 4276909, at *1 (Bankr. D. Minn. June 29, 2023) (citing *Protective Comm.* 390 U.S. at 424; *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) and Bankruptcy Rule 9019(a)).

In analyzing the issue of whether the settlement is "fair and equitable", the Court "considers the following factors: (1) the probability of success in the litigation; (2) the complexity, expense, and likely duration of such litigation; (3) the difficulties in collection in the possible judgment; and (4) interest of creditors." *In re Stewart,* 2023 WL 4276909, at *1; *see also Tri-State Fin., LLC*, 525 F.3d at 654.

In the Debtor's judgment, this settlement is fair and equitable. While the Debtor believes its claims have merit, the Debtor concedes that it continued to utilize the services of the Quantum Entities following the Petition Date and the Quantum Entities advanced factual and legal arguments which support the proposition. Additionally, the matter may not be resolved by way of dispositive motions and could involve protracted and timely discovery and ultimately a trial. Furthermore, the Quantum Entities are not domiciled in Minnesota and the Debtor would be required to domesticate a judgment in its state of incorporation as a condition precedent to enforcing the judgment. Lastly, the Debtor has emerged from bankruptcy and the interest of creditors supports the Debtor focusing its post-emergence activities on its business operations and not singularly on post-confirmation litigation.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order

approving the Settlement Agreement.

Dated: February 6, 2025

/e/  John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

LifeBack Law Firm, P.A,

       Debtor.

BKY No. 24-60191 MER
Chapter 11 Case

**ORDER APPROVING SETTLEMENT AGREEMENT**

This matter came before the Court on the Debtor's Motion to Approve Settlement

Agreement with Defendant Quadient Leasing, USA, Inc.  Appearances are noted on the record.

Based on the arguments of counsel and the documents of record, and the court being fully

advised with respect to the other relevant facts and information,

    IT IS HEREBY ORDERED:

1. The Settlement Agreement between the Debtor and Defendant Quadient Leasing
   USA, Inc. attached to the motion as <u>Exhibit A</u> is approved, and the parties are
   authorized to perform according to the terms thereof.

2. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or
   related to the implementation and enforcement of the Settlement Agreement.

Dated:

                            _____
                            Michael E. Ridgway
                            United States Bankruptcy Judge