# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made as of this **4th** day of February 2025, by and between Lifeback Law Firm PA, an Minnesota professional association with a principal place of business at 13th 7 Avenue, Saint Cloud, Minnesota (the "Debtor"), and Quadient Leasing USA, Inc., a California corporation with its principal place of business at 478 Wheelers Farms Road, Milford, Connecticut ("Quadient Leasing") and Quadient Inc, a Delaware Corporation  with its principal place of business at 478 Wheelers Farms Road, Milford, Connecticut ("Quadient" and together with Quadient Leasing the "Quadient Entities" and together with the Debtor the "Parties").

## RECITALS

WHEREAS, on or about April 28, 2024 (the "Petition Date"), the Debtor sought protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

WHEREAS, By Summons and Complaint, dated October 28, 2024, the Debtor commenced an adversary proceeding against Quadient Leasing in the Bankruptcy Court captioned LifeBack Law Firm, P.A. vs.  Quadient Leasing USA, Inc., et al., wherein the Debtor sought statutory damages from Quadient Leasing for its alleged violation of the automatic stay provisions of Section 362 the Bankruptcy Code related to alleged collection communications that Quadient Leasing engaged in—after the Petition Date and after the Quadient Entities were sent notices of the Debtor's bankruptcy—to collect a balance due for goods and services that Quadient Leasing provided to the Debtor (the "Bankruptcy Court Action").

WHEREAS, Quadient Leasing believes it may have one or more valid defenses to the allegations contained in the Bankruptcy Court Action.

WHEREAS, the Quadient Entities and the Debtor wish to avoid incurring the costs and legal fees related to prosecuting and defending the Bankruptcy Court Action.

NOW, THEREFORE, in consideration of the foregoing, and the promises, covenants and other agreements contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Recitals.  The above set forth recitals are hereby acknowledged by each party hereto to be accurate and truthful, and all such recitals are incorporated herein. Notwithstanding the foregoing, no aspect of this Agreement is intended to constitute an admission of liability by any Party hereto, all such liability being expressly denied.  Rather, the Parties hereto acknowledge that this Agreement represents a compromise of disputed claims, undertaken in furtherance of the Parties' collaborative effort to end all of their respective differences and, as a result, to minimize the expenditures of monies and other resources necessitated by the continued prosecution and defense of their legal claims, in the

15036783-v1

Bankruptcy Court Action.

2.      Quadient Entities' Payment to the Debtor.  Within seven (7) days after the execution of this Agreement, the Quadient Entities shall make a payment of $7,500.00 to Mark L. Vavreck, Esq., as counsel for the Debtor (the "Quadient Payment").

3.      Approval of the Settlement Agreement by the Court.   Within seven (7) days of the execution of the Agreement, the Debtor shall seek approval by the Bankruptcy Court of the Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion")

4.      Return of the Quadient Equipment.  Within seven (7) days of the execution of this Agreement, the Debtor shall return all equipment arising under its business relationships with the Quadient Entities (the "Quadient Equipment") in accordance with written instructions that counsel for the Quadient Entities shall provide to the Debtor.

5.      Dismissal of the Bankruptcy Court Action. The Debtor shall file a Notice of Dismissal *with Prejudice* (the "Notice of Dismissal")(in a form reasonably acceptable to Quadient), pursuant to Rule 41 of the Federal Rules of Civil Procedure and Rule 7041 of the Federal Rules of Bankruptcy Procedure within seven (7) days of receiving the Quadient Payment.  Attorney Mark L. Vavreck shall hold the Quadient Payment in escrow and not release the Quadient Payment to the Debtor until the (i) the Notice of Dismissal has been filed in the Bankruptcy Court Action; (ii) the Rule 9019 Motion has been approved; and (iii) the Quadient Entities have provided written confirmation that they have received the Quadient Equipment.

6.      General Release of and Covenant Not to Sue the Quadient Entities.  Upon receipt of the Quadient Payment and approval of the Rule 9019 Motion, the Debtor on behalf of itself, its assigns and personal representatives, predecessors, successors (including as the reorganized debtor), and successors in interest, and all persons acting by, though, under, or in concert with them, and each of them (collectively, the "Releasors"), hereby IRREVOCABLY AND UNCONDITIONALLY RELEASE, REMISE, ACQUIT AND FOREVER DISCHARGE, the Quadient Entities, as well as their past, present and future parents, subsidiaries, affiliates, successors, assigns, predecessors, directors, officers, agents, shareholders, members, partners, managers, assigns and successors in interest, fiduciaries, plan administrators, employees, attorneys and representatives (the "Releasees") from any and all actions, claims, causes of action, suits, debts, charges, sums of money, accounts, bonds, bills, covenants, controversies, promises, damages, judgments, awards, executions, penalties, fines and demands whatsoever, in law, or equity, known or unknown, asserted or unasserted, contingent or non-contingent, matured or not yet accrued, suspected or claimed, material or immaterial, concealed or hidden, which against the Releasees, the Releasors now have or hereafter can, shall or may have against the Releasees for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of the Quadient Payment (the "LifeBack Law Firm  P.A. Released Claims"), except for the Quadient Entities' obligations under this Agreement, including but not limited to tendering the Quadient Payment; and, additionally, the Releasors agree and covenant not to

commence, join in, prosecute, or participate in any claims or any suit in any forum or form including, but not limited to, federal or state court or any arbitral forum or any formal or informal administrative, regulatory or governmental proceeding with respect or related to the LifeBack Law Firm  P.A. Released Claims.

7.      No Prior Assignment of Rights.  The Debtor represents and warrants that no other person or entity has claimed or now claims any interest in the subject matter of this Agreement, and that the Debtor has the sole right and exclusive authority to execute this Agreement, and that it has not sold, assigned, transferred, or otherwise set over to any other person or entity, any claim, lien, demand, cause of action, obligation, damage, or liability covered thereby.

8.      Non-Disclosure.  This Agreement shall be kept confidential and no Party will publicize the Agreement or discuss it publicly with the media, on the internet or in any other context, except to the extent that the terms of this Agreement must be disclosed to the United States Bankruptcy Court in connection the dismissal of the Bankruptcy Court Action or the approval of the Rule 9019 Motion.

9.      Nondisparagement. The Debtor agrees that it shall not disparage the Releasees or any other present, or former officer, director, agent or employee of the Quadient Entities, whether to any current or former employee of the Quadient Entities, the press or other media, or any other business entity or third party.

10.     Governing Law.  This Agreement, as well as all causes of action or claims arising therefrom, shall be governed by the laws of the State of Minnesota, without regard to its conflicts of laws principles.  The Parties hereby consent to and waive any objections to venue in the State of Minnesota.

11.     Interpretation.  The headings in this Agreement are for convenience of reference only and are not intended and shall not in any way enlarge or diminish the rights or obligations created by this Agreement or affect the meaning or construction of this Agreement.

12.     Entire Agreement.  This Agreement sets forth the entire understanding between the Parties as of the date of its execution, and supersedes all prior agreements or representations.

13.     Severability.  The provisions of this Agreement are severable, and if any provision or part thereof of this Agreement is found to be invalid or unenforceable, then such provision or part thereof shall be enforced to the maximum extent possible so as to affect the Parties' intent, and be deemed to be so modified.  Such invalid or unenforceable provision or part thereof shall not affect the validity of the remainder of this Agreement, and the remaining provisions shall continue in full force and effect.

14.     Amendments; No Waiver.  No delay or failure by either Party in exercising or enforcing any of its rights or remedies hereunder, in whole or in part, and no course of

dealing or performance with respect thereto, shall constitute a waiver thereof in any other instance.  No amendment, deletion, waiver or variation of the terms or provisions of this Agreement shall be valid unless made in writing and signed by a duly authorized representative of each Party hereto.

15.    Execution by Counterparts.  This Agreement may be executed in two or more counterparts, and each shall be deemed to be an original.  This Agreement shall not be effective until both the Debtor and a duly authorized representative of Quadient have executed a counterpart of this Agreement.

16.    Construction.  Counsel for each Party hereto has participated in the drafting of this Agreement and, accordingly, the language of this Agreement shall not be presumptively construed in favor of or against any of the Parties hereto.

17.    Fees and Expenses.  Each Party shall bear its own fees and expenses arising from, in relation to or in connection with any claims, this Agreement and the consummation of the transactions contemplated hereby.

18.    Binding Effect.  This Agreement shall be binding upon and inure to the benefit of the Releasees and the Releasors.

19.    Counsel. This Agreement is entered into by the parties after consulting with respective legal counsel.

Dated as of date first above written.

Quadient Leasing USA, Inc                      LifeBack Law Firm, P.A.


By:_____/e/ Kirk Shankle_____        By:_/e/ Wesley W. Scott_____
    Name:  Kirk Shankle                            Name:  Wesley W. Scott
    Title:  General Counsel                         Title: Owner


Quadient Inc.


By:_____/e/ Kirk Shankle_____
    Name:  Kirk Shankle
    Title:  General Counsel